IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**ADAM SHEPHARD** **PLAINTIFF**

v. No. 4:23CV178- JMV

**WARDEN BRENDA COX, ET AL.** **DEFENDANTS**

### MEMORANDUM OPINION *DISMISSING* CASE FOR FAILURE TO STATE A VALID CLAIM UNDER 42 U.S.C. § 1983

This matter comes before the court on the *pro se* prisoner plaintiff's complaint filed under 42 U.S.C. § 1983, challenging the actions of the defendants during his stay at the Bolivar County Regional Correctional Facility. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed the instant suit. *See* 42 U.S.C. § 1997e. The plaintiff has brought this case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983.

The plaintiff alleges that, on August 13, 2022, the defendants took his fan and television set from him and lost them. On October 18, 2023, the court ordered the plaintiff to show cause why the case should not be dismissed for failure to state a claim upon which relief could be granted. Doc. 7. The plaintiff has not responded to the order, and the deadline to do so has expired. As the plaintiff has not shown cause, the instant case will be dismissed with prejudice for failure to state a constitutional question.

### Taking of Property Without Due Process of Law

The random and unauthorized deprivation of a prisoner's property by a state actor does not violate the prisoner's due process rights if the state provides an adequate post-deprivation remedy. *See*

*Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541-44 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986). This rule, the Parratt/Hudson doctrine, provides "that no constitutional claim may be asserted by a plaintiff who was deprived of his liberty or property by negligent or intentional conduct of public officials, unless the state procedures under which those officials acted are unconstitutional or state law fails to afford an adequate post-deprivation remedy for their conduct." *Martin v. Dallas County, Tex.*, 822 F.2d 553, 555 (5th Cir. 1987); *see also Hudson*, 486 U.S. at 533, *Daniels*, 474 U.S. at 330-31; *White v. Epps*, 411 Fed.Appx. 731 (5th Cir. 2011). Thus, the initial question regarding this claim is whether Mississippi law affords him an adequate post-deprivation remedy for his loss.

In most circumstances, suits against the Mississippi government would be controlled by the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-9 ("MTCA"), which became effective on April 1, 1993. As to suits filed by prisoners, the MTCA states:

> (1) A governmental entity and its employees acting and within the course scope of their employment or duties shall not be liable for any claim:
>
> . . .
>
> (m) Of any claimant who at the time the claim arises is an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution, regardless of whether such claimant is or is not an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution when the claim is filed.

Miss. Code Ann. § 11-46-9(1)(m). At first blush, this statute would seem to foreclose any remedies the plaintiff may have under state law. However, the plaintiff's remedy for the taking of property arises directly from the Constitution of the State of Mississippi, which cannot be circumvented through a state statute. *Pickering v. Langston Law Firm, P.A.*, 88 So.3d 1269 (Miss. 2012). The unlawful taking of an inmate's property can violate Article 3, Section 17 of the Constitution of the State of Mississippi. *Bishop v. Reagans*, 2012 WL 1804623 (S.D. Miss.), *citing Johnson v. King*, 85 So.3d 307 (Miss. App. 2012). Article 3, Section 17 of the Mississippi Constitution reads:

> Private property shall not be taken or damaged for public use, except on due compensation being first made to the owner or owners thereof, in a manner to be prescribed by law; and whenever an attempt is made to take private property for a use alleged to be public, the question whether the contemplated use by the public shall be a judicial question, and, as such, determined without regard to legislative assertion that the use is public.

The circumstances in *Johnson* are legally indistinguishable from those in the instant case. The prison officials in that case confiscated Johnson's drinking mug and disposed of it. *Johnson v. King*, 85 So.3d 307, 311-312 (Miss. App. 2012). Johnson had purchased the mug from the canteen with his own money. *Id*. The mug, as purchased, was not contraband, and Johnson had not modified it in such a way to turn it into contraband. *Id*. The Mississippi Court of Appeals held that, under these circumstances, the taking of Johnson's mug violated the Mississippi Constitution, and prison officials had to either replace the mug or compensate Johnson for its fair value. *Id*. The facts in *Johnson* mirror those in the present case. As such, Shephard has an adequate remedy under state law for the taking of his property without due process of law, and his allegations will be dismissed with prejudice for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 13th day of November, 2023.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE